Thank you very much, Your Honor. Good morning, Your Honors. For the record, my name is Tony Gallagher. I'm the Federal Defender for the District of Montana, and it's my pleasure to argue on behalf of Mr. Doney in this matter. Did you submit a reply brief? We did not, Your Honor. Was there a reason for that? Time constraints, Your Honor. I believe when the reply brief was due, I was in trial, and I neglected to ask for the two weeks by the time I got out of trial. The time had passed. Thus, no reply brief. I do apologize for the court. I believe these are very important and, I think, in some cases, unique issues, and I do apologize for not submitting a reply brief. Then I go right to it. At first, it seemed to me you had a big point, but the more I looked at it, it was like a weak point. They got it wrong as to why he was prohibited from having firearms, but he was prohibited. So what difference did it make whether it was a felony or a domestic assault? He was illegally in possession of a firearm. Well, Your Honor, I think if I had had an opportunity and replied, I would have said, well, in the first instance, it's an act of commission. The agent, the officer, indicated that he was, in fact, in violation because he was a convicted felon when, as the court knows from our opening brief, he, of course, had his rights restored. The second instance, the one that you point out, Judge Newton, is that he had a domestic violence or a domestic abuse violation that would have also prohibited him, but in that particular instance, it was the agent's act of omission. He left something out of the warrant application that may have assisted the magistrate judge or the issuing judge. Well, I mean, would the magistrate have made any difference to a magistrate if he had said what offense prohibited him having the firearm? It was the only opening to have one. Well, I think it would have made a difference. First of all, we have to realize that this was a Hill County district judge or a Hill County justice of the peace that issued this warrant. It wasn't a United States magistrate judge who would have immediately recognized that a domestic violation, would have prohibited Mr. Doney from possessing a firearm or ammunition. Well, Mr. Gallagher, let me back up just a little bit more. One, from this record, I can't tell when this officer found out about the domestic violence conviction. Did he know it at the time he submitted the affidavit? No, Your Honor, he did not. But it's not in the record. It is in the record. It is in the sealed record, the pre-sentence investigation report. All right. As a matter of fact, that's… Wait a minute, wait a minute, wait a minute. What's in it that the officer found out, did not know about this at the time? No, Your Honor, it's not in the record that the officer knew about it at all. Well, you see, the reason I say that or ask that question is because I think the case law is pretty clear that, you know, as it will say in a Frank's situation, you know, you can't depend on facts that are not in the affidavit, especially if the officer didn't know about it. In other words, there's a limitation on, you know, what can give rise to probable cause, and that limitation is matters within the knowledge of the officer at the time he makes out the affidavit. That's why I wondered when he found out about this domestic abuse violation. Furthermore, in terms of the, you know, whether this was deliberate or just an act of negligence, I don't know how widely it's known that in Montana that under the Constitution, apparently, civil rights are automatically restored. I mean, is it something that every reasonable officer should know about, so we can almost presume that disregarding that is an intentional act? I mean, those are the two questions I have about the record in this case, and, you know, the record doesn't tell us anything about those two matters to me. Let me try to address the seriatim and also address Judge Noonan's question as well. With regard to the misdemeanor domestic abuse violation, which under Federal law would have prohibited from owning and possessing a firearm or ammunition, frankly, I don't think that was known to anyone except a pre-sentence investigator until such time she made that available to all the parties that they know that he had a misdemeanor violation. So when I say it's in the record, it's in the pre-sentence investigation report. And no, it is not in the record as far as Officer Dahl's knowledge of it or the agent who actually wrote the application and warrant. I don't think it was, but I'm conjecturing there, but there is no indication whatsoever that either of those officers knew anything about a misdemeanor domestic violence violation. Now, I think, Judge Noonan, to go back to your question and to follow up on Judge Tashima's question, it's not there. It's an act of omission. They left it out. If they left it out, it can't be considered, and it should not be considered in the frank sense either for the same reasons that Judge Tashima mentions. Without that information, we have a felony that is mentioned in the warrant that doesn't count. And it doesn't count because Mr. Doney's rights were restored automatically under the Montana Constitution when he had completed the service of his sentence. Now, let me ask you this just to get my sense of the law straight because it's kind of wobbling on me a little bit. Not through your fault, but through mine. Now, we've taken out of the affidavit supporting the warrant all the information that they derived from the illegal search of the structure. So that's gone. Yes, sir. What we have left in the warrant that supports the warrant is what? Well, what we have left in the warrant and which was relied upon by the reviewing judge, Judge Haddon at the court below, is that felony conviction. Anything else? Yes, Your Honor, there is. Okay. And if I could just... Or maybe I'll short-circuit it this way. If the felony conviction illegality of possessing a weapon had not been there, would there have been probable cause sufficient to justify the warrant? Our contention is absolutely not. Let's start with that as an assumption. The government can argue against it if it likes. But so let's assume, then, that the felony conviction and, therefore, prohibition against possessing firearms is essential to the warrant. And it turns out that he didn't have a felony conviction and he wasn't prohibited from doing it. Is that the end of the matter? Now, this is where I get to my question of law. Or do you have to show that he was reckless or willful in misrepresenting the information? I certainly can't say that he was willful, but I do have to say that he was reckless. So you need to show that. It's not enough for you simply to show that it's not true. I think that it is more at this point. At the point of this appeal, I think all I have to do is raise the issue and say that it was not a felony violation. He was allowed to own and possess a firearm and ammunition. And that reckless assumption on behalf of Officer Dahl and the agent who wrote the application is reckless, improper, should not have been considered a violation. Let me ask the question in a different way. If we were to conclude, and this is an if, that the officer who wrote the application for the warrant was not Dahl. I think it was Atwood. I forget the name. I forget the name, too, Your Honor. But if he was merely negligent in not knowing that the time period had elapsed and he was now able to carry a firearm, if he was merely negligent in his misrepresentation, does the warrant fall or not? Yes. It does fall? I believe it does. Because? Because there is nothing left after you take out the fact that there was no felony conviction and there was no prohibition. If you take that fact out, then all we have is Mr. Dahl perhaps raising his hands for a few seconds, being in an area. So in your understanding as you're now arguing to me, the legal standard is true or false. If it's not true, we have to disregard it, irrespective of his state of mind as he put it in there? Oh, absolutely. Okay. If I understand your question, Judge Fletcher, what you're saying is that if it's not true, i.e., he is not under a felony conviction prohibition. Right. Which we are so – which actually turns out it was not true. It was not. It was not true. Whether he did it deliberately or whether he did it recklessly doesn't matter. I understand that part. But what about if he did it negligently? If you're trying to say that, you know, his mere forgetting what the – what the Montana Constitution requires is mere forgetting what a felony conviction prohibition ends, I don't think that that's merely negligent. If you find it, it's merely negligent. I'm sorry. You're sliding off of my question. I'm just – I'm not asking – You're not trying to. I'm not asking you facts. I'm asking you law. I just don't understand your legal contention. My legal – So let me state the question as cleanly as I can. I understand you to say clearly, and I think I agree with you on this point, that if he were either intentional in misrepresenting or reckless in misrepresenting the state of the facts, the warrant falls. But what if he is merely negligent in not knowing the truth? I'm asking you for the moment to assume that he was merely negligent in not knowing the truth. What then? Your Honor, I think I'm in a position where I must concede that the law, at least at this point, indicates that he must have been reckless. So the question in front of us is, what was his mental state? Was he reckless, in which case you win? Was he negligent, in which case you lose? I think that's correct. Maybe that's why I tried to slide off your question. That's kind of what I thought. I have to concede, at least at this point. The law appears to be quite clear. And what do we do with the fact that this issue was never raised below? Well, that is also a fact that I would like to slide off. Slide off. Okay. This is showing up for the first time on appeal as an issue. It is an issue. And, Your Honors, I hope you do understand that I was not trial counsel in this case and that why this particular issue was not raised I think at least is somewhat unexplainable in that no one knew that this particular issue may have been out there until the PSR was produced, be that as it may. I think that clearly the law in this circuit is that I have a burden. I have to show, first of all, that there was error. And if the Court says that it was merely negligent and not reckless, then I haven't shown that there was error. But I believe that I've shown that there was error. And as such, I must show that it affected substantial rights. And I think it obviously affects substantial rights of Mr. Donohue. I also have to show that it makes difference. What are you addressing now, the plain error doctrine? The plain error. I believe that's what Judge Fletcher indicated to me that this was not raised below. Because it was not raised below, I do have to agree with the government that the standard at this point is plain error. In fact, I did not raise it below. I wasn't there. That's probably why I didn't raise it. But it was not raised below. And because it wasn't raised below, I think we're at the plain error. But I do think that we meet the plain error standard and it allows this Court to review this particular issue and allow us to go back to the district court to talk about Franks with Judge Haddon and to show that there was this reckless disregard.  That kind of anticipates, I think, the next question, Mr. Gallagher. And that is this, that assuming you would prevail under plain error review, then since the district court never considered this issue of the state of mind, right, of the officers involved, what would be proper is to remand for a further hearing under suppression motion, right? Yes, sir. And I think that that would require, since the vast majority of the evidence that was presented by the government during the course of its case in chief came from this search, we would have to reverse the conviction as well. Well, wouldn't that depend on the district court's finding about negligence or willfulness? Well, Your Honor, I hesitate. I mean, I don't hesitate, but I hasten to point out that Mr. Doney is serving a remand to the district court and a reversal of his conviction. Well, couldn't we, I think I've seen this before. Couldn't we remand for a hearing, you know, if we reach this point, and speaking hypothetically, couldn't we remand for a further hearing on the motion to suppress and then direct the district court to vacate the conviction only if it finds, right, that the, I'll call it the mistake in the search warrant affidavit was intentional? Otherwise, it doesn't have to vacate the conviction. Can we do that? To answer your question, yes, you can do exactly that. But also I would point out intentional or reckless. Reckless. I agree with you. Your Honors, I have two other issues that apparently don't interest the court as much, but I just wanted to point out to you that we believe that those issues are extremely critical. If the court rules against us on the search, I think that there are constitutional issues with regard to the life sentence. We have admitted that Jensen precludes two of those arguments that we've raised, but we've raised them. Two or three. We don't believe that the third, the middle argument is precluded, and that is that 841A1 imposes the same sentence as an individual that under 18 United States Code 3559C. And we raised there a due process argument and not just an equal protection argument. And we would draw the court's attention to that particular argument. And on Count 8 with regard to 924C1B, we feel that the government should have not only pled that the MAC here was either a short barrel rifle, short barrel shotgun, or a semi-automatic assault weapon, but they had to prove that as well, and they failed to do that. Your Honors, I find that I have about four and a half minutes left. As unaccustomed as I am to having 20 minutes, I would like to reserve the remainder of my time for rebuttal. Good morning. I'm Laurie Sook from Montana, an assistant United States attorney there representing the United States here this morning. The issue that the court is addressing on a plain error review is whether the in the affidavit. And the position of the government is that that mistake is immaterial because the fact that the judge found probable cause on the basis of is true. Mr. Doney, at the time of this search, was prohibited from possessing firearms and ammunition. The mistake — But on a ground not advanced in the affidavit. Right. And it's important to note that the reason why is because he — that sentence expired less — just a little over two months prior to this search. And that is important. It did expire, and he wasn't prohibited on the felony convictions. But this wasn't an affidavit where the officer alleged he had felony convictions that he didn't have. He did, and that he wasn't prohibited — and that he was prohibited when he wasn't. He was. Yeah, but not for the reason given by the officer in the affidavit. Not for the reason given. You don't agree with the — you don't agree with the case law or that there is such case law that says that government cannot rely on facts not stated in the affidavit to support the probable cause? Well, we — that case law is true, Your Honor, but we have the facts in the — Then how can you rely on this domestic violence conviction if it's not — We're not. We're relying on what was in the affidavit that he was prohibited. That is in the affidavit that he was prohibited. No, he's prohibited because why? Because of the felony conviction. Because of the felony conviction. He was not prohibited because of a felony conviction. He was prohibited because of a misdemeanor conviction. Right, Your Honor, but we believe — So it's not stated in the affidavit. The prohibition is. The ground for the prohibition is wrong, but the fact that he was prohibited was in the affidavit. Well, I'm not sure how much semantics matter, but I'll just read you the sentence, the key sentence from the affidavit of Mr. Oswald. I misstated his name. It says Paul Joseph Doney also has felony convictions prohibiting him from possessing firearms and ammunition. Right. Well, he does not have felony convictions prohibiting from possession of firearms. No. That's just not true. That is not true. He might have said he is prohibited from possessing firearms, period. It is clear this was a mistake. And I'll tell you why if you ask. I'm not — let me change the question a little bit. I'm not trying to help you out, but I'm just exploring, you know, different avenues. This seems to me like it's almost as much a mistake of law as it is a mistake of fact. And it seems to me, you know, a magistrate who knew anything about Montana law would, you know, immediately upon seeing a sentence like this, you know, wonder, well, I wonder if, you know, civil rights has been restored. So you could just as much blame the magistrate for not asking the officer about that issue, right? You could, Your Honor, and I think we're going into speculation here, but there is some part of the record that will support this. This certainly was a warrant that was obtained by local officers from a local judge. The fact is that Mr. Doney was well-known by all of the law enforcement officers and all of the judges, and quite frankly, they all believed that his felony convictions were still in place. They were only two months prior, having left. They probably still believe that today. Well, actually, they might, because this only came up on appeal. So these officers are not even aware, actually, that this was a mistake that they made. I'm certain they do believe that he was still under the felony conviction prohibition. Well, part of what I'm getting at is, you know, if a magistrate can make that mistake about not asking, well, you know, our Constitution provides for an automatic restoration of civil rights. You almost can't blame a police officer for not catching that, and it's hard to say it's an intentional hiding of relevant information. And that's the point that I would like to segue to, Your Honor. In this case, you have to understand, even if they did run a criminal history check, which was a point made by the defense that they had put in a theft conviction that was way in the past where they easily should have known about this, it's only two months that it was lapsed. It's not even assured that if they had run a test that it would have even shown up at that point. All of this is speculation, but that is the standard, whether it was intentional on the part of this officer. And we're under a plain error lens when we're looking at this. And that's what the government would ask the Court to do, is to decide whether, if you did remand, whether this would make any difference at all. And in the government's view, it just wouldn't. With respect to the other two issues, I know the Court has slated this for 20 minutes, but the government believes they're fully briefed and would submit them on the briefs unless there are questions. Okay. Thank you. Thank you. You're in the unaccustomed position of having more time than you thought you ordinarily wouldn't have. There you go. Your Honor, I am in the unaccustomed position. I thought I was in the unaccustomed position, but it's going to be about one-tenth of the time that I have left. It's only two months, but it's a fact. And the officer and the agent had time to check it out, and they didn't. Thank you. Okay. Thank you very much. Good arguments. Interesting case. United States of America v. Dhoni is now submitted for decision. I would like to thank the U.S. Attorney's Office for dipping into its travel budget to allow its attorneys to come here to argue in person, which we appreciate. I think it makes it an easier and more helpful argument for us. Thank you very much. We are now in adjournment.
judges: Noonan, Tashima, W. Fletcher, Pollak